```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**BANK ONE, N.A.,**

       **Plaintiff,**

  vs.                                **Civil Action 2:05-CV-266**
                                            **Judge Holschuh**
                                            **Magistrate Judge King**

**KARL A. DEMMLER,** *et al.*,

       **Defendants.**

## REPORT AND RECOMMENDATION

On September 17, 2004, plaintiff Bank One, N.A., filed a foreclosure action in the Court of Common Pleas for Delaware County, Ohio. On March 23, 2005, defendant Demmler filed a notice of removal of the action, taking the position that the action is one over which the Court would have original jurisdiction as a diversity action, 28 U.S.C. §1332, or as a case arising under federal law, 28 U.S.C. §1331.  This matter is now before the Court on plaintiff's motion to remand, Doc. No. 4.

The original complaint alleges that defendant Karl A. Demmler is in default on a promissory note and mortgage deed. *Complaint,* attached as *Exhibit B* to *Notice of Removal,* Doc. No. 1.  A number of other individuals or entities are also named as defendants. A summons was issued to defendant Demmler on September 17, 2004, *Docket Sheet*, attached to Doc. No. 3, and personal service was made on defendant Demmler on October 21, 2004, by the Delaware County Sheriff.  *Id.*  Proceeding without the assistance of counsel, defendant Demmler filed an answer and counterclaim in the state court on December 3, 2004. *Exhibit C,* attached to *Notice of Removal,* Doc. No. 1.  He also filed a motion to dismiss, which the state court denied by entry dated March 13, 2005. *Exhibit E,*

attached to *Notice of Removal,* Doc. No. 1.  As previously noted, the notice of removal was filed in this Court on March 23, 2005.  Although the notice of removal appears to be deficient in a number of respects,[1] plaintiff contends only that the matter should be remanded because it was untimely removed.

> The statutes governing removal require, *inter alia,* that the
>
>> notice of removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty (30) days after service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. §1446(b).  If the case, as initially filed, is not removable, the statute goes on to provide:

> A notice of removal may be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. ...

*Id.*

The complaint in this action was filed in state court on September 17, 2004.  *Docket Sheet,* attached to Doc. No. 3.  Personal service on defendant Demmler was made on October 21, 2004.  *Id.*  A notice of removal, if otherwise appropriate, should therefore have been filed in this Court no later than November 22, 2004.[2]  See 28 U.S.C. §1446(b). Although defendant Demmler's notice of removal asserts that the notice

---

[1] The notice of removal, which was signed by only defendant Demmler, would appear to violate the rule of unanimity which requires that, "in order for notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal." *Brierly v. Alusuisse Flexible Packaging, Inc.,* 184 F.3d 525, 535 n.3 (6th Cir. 1999).

[2] The thirtieth day, November 20, 2005, fell on a Saturday.

2

of was filed "within 30 days of notice of the amended motion and pleading of Bank One N.A.," *Notice of Removal,* at 4, Doc. No. 1, the state court docket reflects no such amended motion or pleading. Indeed, the state court docket reflects no filing within the thirty (30) days prior to the notice of removal that would serve to extend or renew the opportunity for removal of this action.

In short, and assuming that removal was at any point appropriate, the notice of removal actually filed by defendant Demmler on March 23, 2005, was untimely. It therefore appears that the motion to remand is meritorious.

It is therefore **RECOMMENDED** that plaintiff's motion to remand, Doc. No. 4, be **GRANTED**.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers,*

*Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


May 19, 2005                             *s/Norah McCann King*
                                          Norah McCann King
                                     United States Magistrate Judge