```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

BANK ONE, N.A.,                  :

      Plaintiff,              :        Case No. 2:05-cv-266

  v.                             :        Judge Holschuh

KARL A. DEMMLER, et al.,          :        Magistrate Judge King

      Defendants.             :

                                       :

<u>ORDER</u>

    This is a foreclosure action, initiated in state court on September 13, 2004, and removed to this Court on March 23, 2005, by defendant Demmler, who is proceeding without the assistance of counsel. On May 19, 2005, the Magistrate Judge issued a *Report and Recommendation* recommending that plaintiff's motion to remand, Doc. No. 4, be granted. Doc. No. 9. This matter is now before the Court on defendant Demmler's objections to that *Report and Recommendation*, which the Court will consider *de novo*. 28 U.S.C. §636(b).

    The Magistrate Judge agreed with the plaintiff that the notice of removal should have been, but was not, filed within thirty (30) days "after receipt by the defendant, through service or otherwise, of a copy of the initial pleading... ." 28 U.S.C. §1446(b).[1] Personal service was made on defendant Demmler on October 21, 2004, *Docket Sheet,* attached to Doc. No. 3, but the notice of removal was filed only on March 23, 2005, Doc. No. 1.

    In his objections, defendant Demmler contends that the second

---

[1] The Magistrate Judge also noted that not every named defendant had joined in the notice of removal. *Report and Recommendation*, at p.2 n2, Doc. No. 9.

paragraph of 28 U.S.C. §1446(b)[2] tolled the running of the thirty (30) day removal period.  Defendant is mistaken.  The provision upon which defendant Demmler relies actually forecloses the possibility of an otherwise timely notice of removal of a diversity action where the basis for removal first arose more than one year after the case was initially filed in state court.  Regardless of the claimed basis for removal of this action,[3] the notice of removal should have been filed within thirty (30) days after defendant Demmler was served with the complaint.  Because the notice of removal was not timely filed, the matter must be remanded.

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.**  Plaintiff's motion to remand, Doc. No. 4, is **GRANTED.**

This action is **ORDERED REMANDED** to the Court of Common Pleas for Delaware County, Ohio.

July 26, 2005                          /s/ John D. Holschuh
                                       John D. Holschuh, Judge
                                       United States District Court

---

[2] "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action."  28 U.S.C. §1446(b).

[3] Defendant Demmler now invokes this Court's diversity jurisdiction, 28 U.S.C. §1332, federal question jurisdiction, 28 U.S.C. §1331, and admiralty or maritime jurisdiction, 28 U.S.C. §1333.